UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21074-GAYLES-GOODMAN

| | |
|---|---|
| PAULA J. PHILLIPS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| DENTSPLY SIRONA, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT DENTSPLY SIRONA INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. PROCEDRAL BACKGROUND ........................................................................................ 2

III. ARGUMENT ....................................................................................................................... 4

    A.    Plaintiff's motion to compel should be denied as procedurally improper because Plaintiff did not seek leave of Court before serving the discovery. ......................... 4

    B.    Plaintiff is not automatically entitled to jurisdictional discovery because she has not shown that there is a genuine dispute over jurisdiction. ................................... 4

    C.    The motion to compel should also be denied because the information demanded is immaterial. ............................................................................................................. 9

IV. CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cross Country Home Services, Inc. v. Home Service USA Corp.*,
  No. 08-61456-CIV-SEITZ, 2010 WL 55439 (S.D. Fla. Jan. 6, 2010) ...................................11

*Eaton v. Dorchester Dev., Inc.*,
  692 F.2d 727 (11th Cir. 1982) ..............................................................................5, 6, 12

*Estes v. Rodin*,
  259 So. 3d 183 (Fla. Dist. Ct. App. 2018) ...........................................................5, 6, 8

*Est. of Miller ex rel. Miller*,
  2008 WL 516725, at *5-6 ..................................................................................................11

*Farrell v. Royal Caribbean Cruises, Ltd.*,
  917 F. Supp. 2d 1248 (S.D. Fla. 2013) ..............................................................6, 9, 12

*Fraser v. Smith*,
  594 F.3d 842 (11th Cir. 2010) ............................................................................................5

*Herman v. Yellowpages.com, LLC*,
  780 F. Supp. 2d 1028 (S.D. Cal 2011) .............................................................................11

*Jessop v. Penn Nat'l Gaming, Inc.*,
  No. 618CV1741ORL37DCI, 2019 WL 960031 (M.D. Fla. Jan. 25, 2019) ............................9

*Lowery v. Alabama Power Co.*,
  483 F.3d 1184 (11th Cir. 2007) ................................................................................2, 8, 9

*Muzaffarr v. Ross Dress for Less, Inc.*,
  No. 12-61996-CIV, 2013 WL 1890274 (S.D. Fla. May 7, 2013) .........................................8

*Peruyero v. Airbus S.A.S.*,
  83 F. Supp. 3d 1283 (S.D. Fla. 2014) ..........................................................................4, 6, 9

*Ramunno v. Terranova*,
  963 So. 2d 945 (Fla. Dist. Ct. App. 2007) ...........................................................................8

*Singh v. Royal Caribbean Cruises Ltd.*,
  576 F. Supp. 3d 1166 (S.D. Fla. 2021) ...............................................................................6

*Sizemore v. Zhao*,
  686 F.Supp.3d 1262 (2023) ...............................................................................................5

*Steinberg v. Alpha Fifth Grp.*,
  No. 04-60899-CIV, 2008 WL 906270 (S.D. Fla. Mar. 31, 2008) ............................................9

*Synder v. Royal Caribbean Cruises Ltd.*,
  540 F. Supp. 3d 1175 (S.D. Fla. 2021) ................................................................................6, 9

*Venetian Salami Co. v. Parthenais*,
  554 So. 2d 499 (Fla. 1989)......................................................................................................5

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017).......................................................................................5, 9

*Wright v. Farouk Sys., Inc.*,
  701 F.3d 907 (11th Cir. 2012) .................................................................................................7

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
  No. 8:12-cv-755-T-26TBM, 2012 WL 5830590 (M.D. Fla. Nov. 16, 2012)..........................11

*Yepez v. Regent Seven Seas Cruises*,
  No. 10-23920-CIV, 2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ............................................8

*Zapata v. Royal Caribbean Cruises, Ltd.*,
  No. 12-21897-CIV, 2013 WL 1100028 (S.D. Fla. Mar. 15, 2013) ..........................................6

**Statutes**

Fla. Stat. § 48.193 ......................................................................................................................10

**Other Authorities**

Rule 26(d)(1).................................................................................................................................4

Rule 26(f) ......................................................................................................................................4

Rule 30(b)(6).................................................................................................................................3

Rules 8 and 11..........................................................................................................................2, 8

I.      **INTRODUCTION**

Plaintiff's motion to compel discovery must be denied for a number of reasons. First, it is procedurally improper because (i) Plaintiff was not entitled under the Federal Rules of Civil Procedure to unilaterally serve jurisdictional discovery on Dentsply and (ii) Plaintiff did not seek or obtain leave of Court before doing so. Because Plaintiff's discovery was unauthorized, there is nothing for this Court to compel.

Second, Plaintiff suggests that she has an automatic right to jurisdictional discovery as long as it is timely and relevant (which it is not). Plaintiff is again wrong. The right to jurisdictional discovery is not automatic, self-executing, or warranted unless there is a genuine *dispute* over a *material* jurisdictional fact. Here, Dentsply provided a sworn declaration outlining specific facts to support its argument that it is not subject to jurisdiction in Florida. It established that it is not incorporated or headquartered in Florida. It carefully explained that it has no physical location in Florida; that all sales of the impression kit and aligners were made and sold by its corporate subsidiary Byte; that it did not sell anything to Plaintiff; and that Dentsply and Byte are separate and distinct legal corporate entities. Plaintiff has submitted no competent evidence to seriously dispute any of these facts. It should go without saying that there can be no genuine dispute over a jurisdictional fact when no competent evidence on the issue is proffered.

Third, the facts sought as part of jurisdictional discovery must be sufficiently *material* to justify the need for such discovery. To that end, a party is not permitted to seek discovery of facts if those facts do not support a showing of personal jurisdiction. Here, Plaintiff fails to explain how the discovery would establish personal jurisdiction over Dentsply. Although she seeks information regarding Dentsply's knowledge of its subsidiary's sales and corporate statements made by Dentsply regarding the subsidiary, she does not cite any authority holding that a parent company's knowledge of its subsidiary's sales in a particular state is sufficient to confer jurisdiction over the

1

parent company. Indeed, Plaintiff cites nothing that would contradict the hornbook law that parent corporations are generally not liable for the acts of their subsidiaries. In contrast, Dentsply cited a plethora of cases in its Motion to Dismiss holding that a parent company's knowledge of and oversight of the business of its subsidiary is *not enough* to establish jurisdiction. Thus, even if true, the facts that Plaintiff seeks will not move the needle on the jurisdictional question and are therefore irrelevant and immaterial to the pending motion.

Plaintiff's motion really boils down to the argument that she needs jurisdictional discovery because she has no factual basis to oppose Dentsply's Motion to Dismiss. Indeed, she even asked this Court to extend her deadline to respond to the Motion to Dismiss until *after* jurisdictional discovery is completed. But this same argument has been emphatically rejected in this Circuit because it ignores Rules 8 and 11, which require a plaintiff to investigate whether she has support for her jurisdictional allegations *before* she files a lawsuit. Plaintiff's unapproved discovery requests amount to a fishing expedition for facts that she "should have had—but did not—before coming through the courthouse doors." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007).

In sum, Plaintiff has identified no genuine issue of material jurisdictional fact that would warrant the discovery she served and now seeks to compel. Dentsply has a legitimate and protectable interest in avoiding the time and expense of discovery when the Court's jurisdiction is lacking. Dentsply should not be required to respond to unnecessary discovery that Plaintiff never had permission to serve in the first place which would not make any difference to this Court's jurisdictional analysis. The motion to compel should be denied.

II.   **PROCEDURAL BACKGROUND**

As this Court is aware by now, Plaintiff originally filed a class action complaint against Straight Smile LLC, dba Byte ("Byte") and its parent company, Dentsply, asserting a number of

causes of action in connection with her purchase of an impression kit and clear aligners from Byte. *See* D.E. 1 ("Compl."). Because Plaintiff expressly agreed to arbitrate any disputes related to her purchase and use of the Byte aligners and waived her right to assert a class action, on April 3, 2025, Byte and Dentsply filed a petition to compel arbitration and stay these proceedings. D.E. 8. Plaintiff responded by dismissing the claims against Byte and filing an Amended Complaint on April 16, 2025, naming only Dentsply. *See* D.E. 11 ("Am. Compl."); *see also* D.E. 18.

Because this Court does not have general or specific jurisdiction over Dentsply, on May 9, 2025, Dentsply filed a Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction (D.E. 20), supported by a sworn declaration (D.E. 22) ("Dentsply Decl."). On the same day, Defendant Dentsply also filed a Petition to Compel Arbitration. D.E. 21.

On May 13, 2025, without seeking leave of Court or providing any sworn counter-declaration to Dentsply's sworn statement, Plaintiff served Defendant with jurisdictional discovery consisting of twelve document requests and a notice of deposition for a corporate representative under Rule 30(b)(6). These requests seek the following categories of discovery: (1) Dentsply's knowledge of its subsidiary Byte's Florida-specific sales data for Byte aligners; (2) Dentsply's knowledge of customer complaints and adverse event reports regarding Byte's Florida consumers; and (3) transcripts of corporate calls where "Dentsply executives discussed Byte's sales metrics, profitability, and strategic importance to Dentsply's financial results." D.E. 30 at 15.

Dentsply informed Plaintiff that the jurisdictional discovery was not warranted or appropriate. In response, on May 19, 2025, Plaintiff filed the instant motion to compel. Although Plaintiff requested an extension of time to oppose the Motion to Dismiss so that she could seek jurisdictional discovery, she did not file a formal motion for a stay of the current briefing schedule.

3

Plaintiff has just now filed her Response in Opposition to Dentsply's Motion to Dismiss. D.E. 38. For the reasons that follow, Plaintiff's motion to compel should be denied.[1]

### III. ARGUMENT

#### A. Plaintiff's motion to compel should be denied as procedurally improper because Plaintiff did not seek leave of Court before serving the discovery.

First, Plaintiff's motion to compel jurisdictional discovery should be denied as procedurally improper because Plaintiff failed to seek leave of this Court before she served the jurisdictional discovery on Dentsply. Rule 26(d)(1) expressly states that that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except …when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). At the time Plaintiff served the jurisdictional discovery, no Rule 26(f) conference had occurred. There has been no court order permitting discovery, and Dentsply certainly did not agree to engage in any discovery (jurisdictional or otherwise). The proper procedure would have been to first request leave of Court to serve jurisdictional discovery with a showing of good cause. *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014) (denying request for jurisdictional discovery because plaintiff failed to move for leave to pursue jurisdictional discovery). Because Plaintiff was not entitled under the rules to serve any discovery, there is nothing for this Court to compel.

#### B. Plaintiff is not automatically entitled to jurisdictional discovery because she has not shown that there is a genuine dispute over jurisdiction.

Plaintiff nonetheless informs this Court that she has an automatic right to jurisdictional discovery as long as it is timely and relevant, going so far as to represent that it is always an abuse of discretion to deny jurisdictional discovery that is timely served. The cases cited by Plaintiff do

---

[1] The Motion to Dismiss is subject to a separate briefing schedule, with Dentsply's reply due June 18, 2025. D.E. 29. Dentsply respectfully suggests that the motion to compel be considered together with the Motion to Dismiss.

not support the asserted premise.[2] She also asserts that Dentsply "opened the door" to discovery when it submitted a sworn statement disputing Plaintiff's conclusory allegations in the Amended Complaint. Plaintiff is wrong.

Contrary to Plaintiff's suggestions, she does not have an automatic right to jurisdictional discovery. Instead, she has only a qualified right to jurisdictional discovery "when a court's jurisdiction is genuinely in dispute." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982). In order to determine whether there is a dispute of material fact to warrant jurisdictional discovery, Florida courts have adopted a burden shifting analysis. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Specifically, and as Dentsply outlined in its Motion to Dismiss for Lack of Personal Jurisdiction, the plaintiff has the initial burden of pleading the basis for jurisdiction in the complaint. *Id.*; *see also* D.E. 20 at 6. The burden then shifts to the defendant to rebut jurisdiction through a sworn affidavit with facts contesting jurisdiction. *Id*. When the defendant does so, the burden shifts *back* to the plaintiff to come forward with a counter-affidavit setting forth specific facts to support the jurisdictional allegations in the complaint. *Id.*; *see also Estes v. Rodin*, 259 So. 3d 183, 190 (Fla. Dist. Ct. App. 2018). If the competing affidavits cannot be harmonized, or if the Court cannot resolve the issue without additional evidence, only then does a

---

[2] In fact, case law cited by Plaintiff expressly supports Dentsply's jurisdictional arguments. For example, in *Fraser v. Smith,* 594 F.3d 842, 846, 848 (11th Cir. 2010), the court held that there was no general or specific jurisdiction over a foreign company even when its nationwide advertising appeared in Florida. Moreover, in *Sizemore v. Zhao,* 686 F.Supp.3d 1262, 1264 (2023), the Court recognized that "plaintiffs only have a right to jurisdictional discovery if the jurisdictional question is *genuinely* in dispute…." (emphasis added). And although the court granted the request for jurisdictional discovery in that case, it immediately *stayed* that discovery pending ruling on the contemporaneously-filed motion to compel arbitration. *Id.* This is because if the motion to compel arbitration was granted, the case would be stayed. *Id.* The case would also be stayed if the court denied the motion to compel arbitration and defendant appealed. *Id.* Thus, it would not make sense to engage in jurisdictional discovery that would be stayed in any event.

5

genuine dispute exist.³ *Id.*; *see also Farrell v. Royal Caribbean Cruises, Ltd.*, 917 F. Supp. 2d 1248, 1252 (S.D. Fla. 2013) *(citing Eaton*, 692 F.2d at 730 n. 7.)

Here, Plaintiff skipped an important step and elected to move right into jurisdictional discovery without first submitting a sworn declaration in further support of her jurisdictional allegations or rebutting Dentsply's sworn affidavit.⁴ Where, as here, Plaintiff proffers no sworn declaration or competent evidence before the Court that questions defendant's declaration, there can be no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery. *Peruyero*, 83 F. Supp. 3d at 1290. (denying jurisdictional discovery because plaintiff failed to submit evidence countering defendant's affidavit showing no basis for personal jurisdiction); *Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1182 (S.D. Fla. 2021) (denying jurisdictional discovery because there was no dispute of material fact); *Synder v. Royal Caribbean Cruises Ltd.*, 540 F. Supp. 3d 1175, 1184 (S.D. Fla. 2021) (same); *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1100028, at *2 (S.D. Fla. Mar. 15, 2013) ("When a plaintiff proffers no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations contained in the defendant's affidavit, a district court may find that the defendant's unrebutted denials sufficient to negate the plaintiff's jurisdictional allegations."). Thus, because there is no evidence before the Court that creates a genuine material jurisdictional dispute, Plaintiff's motion to compel must be denied.

---

³ And, as set forth in Section C, the information sought must also be *material* to the issue of jurisdiction.

⁴ Plaintiff has just filed her Response in Opposition to Dentsply's Motion to Dismiss. D.E. 38. Although Dentsply has not yet had the opportunity to study her arguments in detail, Dentsply notes that Plaintiff did not submit any sworn statement disputing Dentsply's statements and instead simply attached documents to a notice. D.E. 38; 39.

Moreover, although Plaintiff states in conclusory fashion that she disputes Dentsply's sworn statement, she does not offer any specifics. To be clear, Dentsply provided detailed facts to support its argument that it is not subject to jurisdiction in Florida. It established that it is not incorporated or headquartered in Florida. It also carefully explained that it has no physical location in Florida, that all sales of the impression kit and Byte aligners were made by its subsidiary, Byte, that it did not sell any product or services to Plaintiff, and that Dentsply and Byte are separate and distinct corporate entities. Plaintiff does not present any argument (let alone admissible evidence) that takes issue with these specific facts. To the contrary, the allegations in the Amended Complaint *are consistent* with the facts in Dentsply's declaration. Plaintiff expressly alleges that she purchased the product from Byte, through Byte's website. D.E. 11 at ¶¶ 26-27. She also alleges that Byte marketed the products, that the "ad" she saw prompted her to go to Byte's website, and that she (and all customers) entered into a contract with Byte. *Id.*; *see also* ¶ 2. Plaintiff's conclusory statement that there is a dispute over jurisdiction is just not credible.

Plaintiff next speculates that there *might* be evidence in Dentsply's possession that could create a jurisdictional dispute by pointing to allegations made in a separate securities class action complaint filed against Dentsply in another jurisdiction. Of course, allegations in a complaint are not evidence, especially when that complaint was filed in a completely different action, in a different jurisdiction, brought by different plaintiffs and is not verified.[5] *See Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012) ("allegations are not evidence of the truth of

---

[5] In Plaintiff's Response in Opposition to Defendant Dentsply's Motion to Dismiss, she claims the allegations in the unrelated securities action against Dentsply are backed by "sworn declarations from the named plaintiffs." D.E. 38 at 6 fn. 5. That is not accurate. The declarations were made under federal securities laws and relate only to each plaintiff's basis for serving as lead plaintiff in the action. They do not mention or verify any facts related to Plaintiff's allegations that this Court has personal jurisdiction over Dentsply. *See* D.E. 51-1; 51-2, *In re Dentsply Sirona, Inc. Securities Litigation*, No. 24-cv-9083 **(S.D.N.Y**. May 9, 2025).

7

what is alleged."); *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 1890274, at *2 (S.D. Fla. May 7, 2013) ("pleadings, and the allegations within them, are not evidence"). Referring to irrelevant allegations made by plaintiffs in a different case is insufficient to create a jurisdictional dispute and should not give license to embark on a fishing expedition in the hope something turns up. *Estes v. Rodin*, 259 So. 3d 183, 199 (Fla. Dist. Ct. App. 2018) (an unverified complaint, not based on personal knowledge, is insufficient grounds to establish a material dispute of jurisdictional fact to warrant discovery); *see also Ramunno v. Terranova*, 963 So. 2d 945, 946 (Fla. Dist. Ct. App. 2007) (arguments of counsel and unsworn pleadings from another case do not constitute evidence to support a factual finding).

Plaintiff's motion really boils down to the argument that she needs jurisdictional discovery because she has no facts to oppose Dentsply's Motion to Dismiss.[6] Indeed, she even asked this Court to extend her deadline to respond to the Motion to Dismiss until *after* jurisdictional discovery is completed. This same argument has been emphatically rejected in this Circuit because it ignores the requirements of Rules 8 and 11. This is because plaintiffs have an obligation to investigate jurisdictional facts *before* they file a lawsuit. *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011) ("the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute."). To that end, the Eleventh Circuit has reminded parties that "[b]y filing the action in federal court, the plaintiff is making a representation that the action belongs before the court." *Lowery*, 483 F.3d at 1216; *see also Yepez*, 2011 WL 3439943, at *1 (applying *Lowery* to the personal jurisdiction analysis). It is therefore inappropriate to grant a request for jurisdictional discovery "to allow the

---

[6] A cursory review of Plaintiff's Response in Opposition to Dentsply's Motion to Dismiss appears to confirm same. *See* D.E. 38.

8

plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors…." *Lowery*, 483 F.3d at 1216. In such situations, a "request for discovery is tantamount to an admission that the [Plaintiff does] not have a factual basis for believing that jurisdiction exists" and therefore the request should be denied. *Id.* The same is true here, and Plaintiff's motion to compel should be denied.

### C. The motion to compel should also be denied because the information demanded is immaterial.

Plaintiff's motion to compel should also be denied because (1) she does not explain how the discovery sought would establish personal jurisdiction over Dentsply; and (2) the information sought would not change the conclusion that jurisdiction cannot be established here. It is therefore not material.

A plaintiff seeking jurisdictional discovery must demonstrate how the requested discovery would establish jurisdiction. *Wolf*, 683 F. App'x at 792 (denying jurisdictional discovery because plaintiff failed to explain how the discovery sought would establish jurisdiction, among other reasons); *Jessop v. Penn Nat'l Gaming, Inc.*, No. 618CV1741ORL37DCI, 2019 WL 960031, at *2 (M.D. Fla. Jan. 25, 2019) (denying request for jurisdictional discovery because plaintiff did not specify how jurisdictional discovery would establish jurisdiction). Indeed, as Plaintiff acknowledges, the discovery must be "tailored to personal jurisdiction issues implicated by the motions to dismiss." *Steinberg v. Alpha Fifth Grp.*, No. 04-60899-CIV, 2008 WL 906270, at *11 (S.D. Fla. Mar. 31, 2008); D.E. 30 at 9. Moreover, the facts sought must be sufficiently *material* to warrant discovery. *Farrell*, 917 F. Supp. 2d at 1253. To that end, a party is not permitted to seek facts that would not support a showing of personal jurisdiction. *Id.*; *Synder*, 540 F. Supp. 3d at 1184 (denying jurisdictional discovery when it would not change the underlying conclusion that jurisdiction cannot be established); *Peruyero*, 83 F. Supp. 3d at 1290 ("jurisdictional discovery is

9

'not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction.'").

Here, Plaintiff fails to demonstrate how the discovery she seeks would establish personal jurisdiction over Dentsply. As set forth in detail in the Motion to Dismiss, Plaintiff's jurisdictional allegations in the Amended Complaint are conclusory and boilerplate. She invokes both general and specific jurisdiction (including sections of the long-arm statute that are inapplicable) and fails to tie any factual allegations to her legal conclusions. *See, e.g.,* D.E. 20 at 7-12. Her motion to compel sheds no additional light on the issue. She simply cites, generally, to the entire Florida long-arm statute without specifying whether she expects the discovery she seeks to support general jurisdiction or specific jurisdiction, let alone which type of specific jurisdiction.[7] *See, e.g.,* D.E. 30 at 4 (citing only to Fla. Stat. § 48.193 and no sub-sections).

To be clear, Plaintiff seeks discovery into (1) Dentsply's knowledge of Byte's Florida-specific sales data for Byte aligners; (2) Dentsply's knowledge of customer complaints and adverse event reports regarding Byte's Florida consumers; and (3) transcripts of corporate calls where "Dentsply executives discussed Byte's sales metrics, profitability, and strategic importance to Dentsply's financial results." D.E. 30 at 2, 15; Plaintiff represents to this Court that this discovery will show that Dentsply knew that Byte products were being sold in Florida and had a "vested interest" in Byte's financial success. *Id.* at 12-17. She repeatedly says these facts support "purposeful availment" and "multiple jurisdiction issues" but fails to *actually explain* how they

---

[7] As noted, Dentsply has not yet had the opportunity to study Plaintiff's Opposition in detail. D.E. 38; 39. It appears that Plaintiff may now intend to proceed only under Fla. Stat. § 48.193(1)(a)(2) (specific jurisdiction based on "committing a tortious act within this state"). Because the Opposition is the first time Plaintiff has made this clear, Dentsply reserves the right to further address the relevance of the information sought in its reply brief in further support of its Motion to Dismiss for Lack of Personal Jurisdiction.

10

are *material* to the jurisdictional issue.  *See, e.g., id.* at 2, 12, 13, 17.  She does not cite any authority holding that a parent company's knowledge of its subsidiary's sales in a particular state and complaints associated with those sales is sufficient to confer general or specific jurisdiction over the parent company in that state or demonstrate purposeful availment.  And she cites nothing that would contradict the hornbook law that parent corporations are generally not liable for the acts of their subsidiaries.

By contrast, as Dentsply demonstrated in its Motion to Dismiss, the corporate form must be upheld and respected.  Jurisdiction over a parent company will not be found even if the parent represents that it "exercises control" over its subsidiary, refers to itself and the subsidiary as "we" in public statements, and uses the logo of the subsidiary on its website."  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 5830590, at *5 (M.D. Fla. Nov. 16, 2012); *see also Cross Country Home Services, Inc. v. Home Service USA Corp.*, No. 08-61456-CIV-SEITZ, 2010 WL 55439, at *3 (S.D. Fla. Jan. 6, 2010); *Est. of Miller ex rel. Miller*, 2008 WL 516725, at *5-6.  Jurisdiction also will not be found even if the parent company approves major policy decisions of the subsidiary, the two companies have a unified strategy and goals, they use cross-selling promotional materials, and they perform services for one another.  *Yellow Pages*, 2012 WL 5830590, at *4.  In light of this authority, Dentsply's knowledge of sales made by its subsidiary or adverse events reported in connection with products sold by its subsidiary is inconsequential.  And the fact that a parent company has an interest in seeing its subsidiary succeed does nothing to move the jurisdictional needle.[8]

---

[8] Plaintiff again cites to allegations from the separate securities class action in an attempt to support her argument for discovery.  But even the allegations in that complaint show that Dentsply and Byte were separate and distinct corporate entities and thus do nothing to support the exercise of jurisdiction over Dentsply.  Nor are allegations regarding Dentsply's purported lobbying activity in Florida sufficient to establish personal jurisdiction.  *See Herman v. Yellowpages.com, LLC*, 780

11

As set forth in detail in Dentsply's Motion to Dismiss, Dentsply is not "at home" in Florida such that this Court can exercise jurisdiction over it. Moreover, none of Plaintiff's claims arise from any connection between Dentsply and the state of Florida and therefore this Court does not have specific jurisdiction over Dentsply, either. Dentsply did not sell the Byte products to Plaintiff or anyone else in Florida – ***a fact Plaintiff admits in her Amended Complaint and motion to compel***. D.E. 11, ¶¶ 2 (customers contracted to purchase the products from Dentsply's wholly owned subsidiary, Byte); 27 (Plaintiff entered into an installment contract with Byte); 28 (Plaintiff never entered into any contract with Dentsply); D.E. 30 at 3 (nothing that *Byte* contracted with Ms. Philips and others to sell the Byte aligners, not Dentsply). Dentsply did not direct any statements regarding Byte and its products specifically to Plaintiff or to Florida. Because the requisite "connexity" will always be lacking based on Plaintiff's own allegations, the discovery that Plaintiff seeks is immaterial. *Farrell*, 917 F. Supp. 2d at 1254. Moreover, a defendant also "has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Eaton*, 692 F.2d at 729. Plaintiff's motion to compel must be denied.

**IV.   CONCLUSION**

For the foregoing reasons, Dentsply respectfully requests the Court strike the discovery that was served and deny Plaintiff's motion to compel discovery.

Respectfully submitted,

**POLSINELLI PC**

By:   */s/ Daniel Mateo*
DANIEL MATEO (FL #1040158)
315 S. Biscayne Boulevard, Suite 400

---

F. Supp. 2d 1028, 1034 (S.D. Cal 2011) (lobbying activity "is insufficient evidence to support jurisdiction over the defendant.").

Miami, FL  33131
Telephone:  (305) 921-1802
Facsimile:  (305) 921-1801
dmateo@polsinelli.com

THOMAS J. YOO (*pro hac vice* )
2049 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:  (310) 556-1801
tyoo@polsinelli.com

AMY MCVEIGH (*pro hac vice*)
1717 Arch Street, Suite 2800
Philadelphia, PA  19103
Telephone:  (215) 267-3001
amcveigh@polsinelli.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was electronically field on June 2, 2025, with the Clerk of the Court using the CM/ECF system thereby sending a notice of electronic filing to all counsel of record.

                *Daniel Mateo*
                DANIEL MATEO